IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN GLEN KIRKLAND,<br><br>Defendant. | CR 15–16–M–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Nathan Glen Kirkland's Unopposed Motion for Early Termination of Supervised Release.  (Doc. 202.)  Kirkland pled guilty to one count of possession with intent to distribute of methamphetamine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(B), and, on January 7, 2016, was sentenced to a custodial sentence of 84 months, followed by 4 years of supervised release.  (Doc. 110 at 1–3.)  Kirkland began his period of supervised release in June of 2020.  (Doc. 203 at 1.)  Kirkland now seeks the premature termination of his remaining term of supervised release.  (Doc. 202.)  Neither the United States Attorney's Office nor the United States Probation Office opposes the Motion.  (Doc. 203 at 2.)

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to

1

the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Kirkland began his four-year term of supervised release on June 8, 2020, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Kirkland's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Kirkland waives it, or if the proposed modification is favorable to him and the United States' does not object. The premature termination of Kirkland's supervised release is obviously favorable to him and the United States does not object. (Doc. 203 at 2.) Accordingly, the Court will dispose of this matter without a hearing.

U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Kirkland's remaining term of supervised release. Although the underlying offense conduct is serious, Kirkland's conduct while on supervised release is commendable. Kirkland's supervising probation officer stated that "Mr. Kirkland has been compliant with supervision and has completed all requirements ordered by the court." (Doc. 203 at 2.) Kirkland reports that, in addition to all required programming, he has completed additional group work that has assisted in his recovery. (Doc. 202.) Kirkland also reports that he has remained drug and alcohol free for seven years, is gainfully employed, and has been a productive member of society. (*Id.*)

Accordingly, IT IS ORDERED that the motion (Doc. 202) is GRANTED.

IT IS FURTHER ORDERED that Kirkland's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office of the making of this Order.

DATED this 7th day of November, 2022.

Dana L. Christensen, District Judge
United States District Court

3